# SUPREME COURT OF THE STATE OF NEW YORK
## *Appellate Division, Fourth Judicial Department*

1052

KA 12-00548

PRESENT: SCUDDER, P.J., SMITH, FAHEY, SCONIERS, AND VALENTINO, JJ.

---

THE PEOPLE OF THE STATE OF NEW YORK, RESPONDENT,

V                                               MEMORANDUM AND ORDER

LEON E. HURD, DEFENDANT-APPELLANT.

---

THE ABBATOY LAW FIRM, PLLC, ROCHESTER (DAVID M. ABBATOY, JR., OF COUNSEL), FOR DEFENDANT-APPELLANT.

LAWRENCE FRIEDMAN, DISTRICT ATTORNEY, BATAVIA (WILLIAM G. ZICKL OF COUNSEL), FOR RESPONDENT.

---

Appeal from an order of the Genesee County Court (Robert C. Noonan, J.), entered February 14, 2012.  The order determined that defendant is a level three risk pursuant to the Sex Offender Registration Act.

It is hereby ORDERED that the order so appealed from is unanimously affirmed without costs.

Memorandum:  On appeal from an order determining that he is a level three risk pursuant to the Sex Offender Registration Act (Correction Law § 168 *et seq.*), defendant contends that County Court erred in denying his request for a downward departure from the presumptive risk level because one of his prior convictions upon which that risk level was calculated was for endangering the welfare of a child (Penal Law § 260.10) and did not involve events of a sexual nature.  We reject that contention.  A departure from the presumptive risk level is warranted where "there exists an aggravating or mitigating factor of a kind, or to a degree, that is otherwise not adequately taken into account by the guidelines" (Sex Offender Registration Act:  Risk Assessment Guidelines and Commentary at 4 [2006]).  Here, even assuming, arguendo, that the court erroneously treated defendant's conviction of endangering the welfare of a child as a sex crime, we note that defendant's score on the risk assessment instrument would still yield a presumptive level three risk, and defendant presented no other basis to support his request for a downward departure.  Consequently, "defendant failed to present clear and convincing evidence of special circumstances justifying a downward departure" from the presumptive risk level yielded by the risk assessment instrument (*People v McDaniel*, 27 AD3d 1158, 1159, *lv denied* 7 NY3d 703).

Entered:  November 8, 2013

Frances E. Cafarell
Clerk of the Court